

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11. TEXAS

GROVER SELLERS
~~XXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Mr. T. M. Trimble
First Assistant Superintendent
State Department of Education
Austin, Texas

Dear Sir:

Opinion No. O-5813
Re: Under the facts submitted, may the
Equalization Board of the Texarkana,
Texas, Public Schools evaluate and
assess for taxation money and se-
curities of certain estates deposited
in the Texarkana National Bank?

You have submitted the following question, submitted to you by Mr. H. W. Stillwell, Superintendent of the Texarkana schools:

"The Equalization Board duly appointed by the School Board, equalized taxes and made its report. In so doing, it put on the tax roll a certain assessment against three estates which it evaluated itself. The assessment against these estates was in each case for money and or securities which in the opinion of the equalization Board the estates had on deposit or in safety deposit boxes in the Texarkana National Bank. It was of the opinion that each estate had at least as much as the Board included on the assessment. The Board did not make such assessment against any other taxpayer or any other taxpaying estate in the School District.

The School Board desires to know whether such assessment on the tax roll by the Equalization Board is legal and would stand."

In the case of Burnett vs. Tax Collector, 13 S.W. (2d) page 613, Judge Gaines of the Supreme Court of Texas said:

"The function of the board of equalization is to correct errors in the valuation of property that has been properly assessed. It has no power to add to the rolls property not previously assessed, or to take from them property which they embrace. Galveston Co. vs. Gas Company, 72 Tex. 509, 10 S.W. Rep. 583."

In the case of Crocker v. Santo Cousal Independent School District et al, 116 S.W. (2d) page 750 the court used the following language:

>"The assessment of property is peculiarly the duty and responsibility of a tax assessor. The jurisdiction of the commissioners' court with reference to assessments is confined to raising or lowering assessments as incident to its duties as a board of equalization. It has no power to add property to the tax rolls not previously assessed, nor to take property from them."

In view of the foregoing authorities you are advised that the question propounded by Mr. Stillwell is answered in the negative. The Board of Equalization exceded its authority when it added to the tax rolls property not previously assessed.

Yours very truly

APPROVED FEB. 1, 1944
   GROVER SELLERS                    ATTORNEY GENERAL OF TEXAS
ATTORNEY GENERAL OF TEXAS


                                     By    C. F. Gibson
CFG:ncd;ml                                    Assistant